**E-FILED**
Thursday, 11 July, 2013  09:52:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DENNIS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3157 |
| | ) | |
| TRAVIS SMITH and | ) | |
| SERGEANT KERR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville
Treatment and Detention Center, seeks leave to proceed in forma
pauperis.

The "privilege to proceed without posting security for costs
and fees is reserved to the many truly impoverished litigants who,
within the District Court's sound discretion, would remain without
legal remedy if such privilege were not afforded to them." Brewster
v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).
Additionally, a court must dismiss cases proceeding in forma
pauperis "at any time" if the action is frivolous, malicious, or fails to
state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants intentionally and without justification prevented Plaintiff from receiving Plaintiff's dialysis treatment for five continuous days in March 2013. A plausible claim for deliberate indifference to Plaintiff's serious medical needs arises from this alleged fact alone. Accordingly, this case will be sent for service.

**IT IS ORDERED:**

1.   The hearing scheduled for July 15, 2013, is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

2.    Plaintiff's Motion's for Leave to Proceed in Forma Pauperis (d/e 2) is granted. Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim that Defendants were deliberate indifferent to Plaintiff's serious need for kidney dialysis in March 2013.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.    Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.    This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on September 30, 2013 at 9:30 a.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.  Plaintiff's motion for the appointment of counsel is denied as premature (d/e 3).  The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th

Cir. 2007).  Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.

    12.  Plaintiff's motion to reconsider the clerk's request for reimbursement for copying costs before sending Plaintiff a copy of the local rules is granted in part (d/e 9).  Plaintiff asserts that he does not have enough money to pay for a copy of the local rules. The clerk will be directed to send Plaintiff a copy of Local Rule 16.3, which explains pretrial procedures in cases like this one.

   **IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**  1) attempt service on Defendants pursuant to the standard procedures; and 2) send Plaintiff a copy of Local Rule 16.3.

ENTERED: July 11, 2013

FOR THE COURT:

                               **s/Sue E. Myerscough**
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE