UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3157 |
| | ) | |
| TRAVIS SMITH, *et al* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

Plaintiff, proceeding pro se and a resident at Rushville Treatment and Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment's Due Process Clause. The case is before the court for ruling on the Defendants' Motion for Summary Judgment. For the following reasons, the motion is DENIED.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

# FACTS

Plaintiff Dennis Scott is a resident of Rushville Treatment and Detention Facility ("Rushville"). Plaintiff has been diagnosed with a medical condition that requires regular dialysis treatment. Typically, Plaintiff is scheduled to receive dialysis treatment on Monday, Wednesday, and Friday at 4 a.m. within the health care unit at Rushville. Plaintiff receives the treatment from Nurse Alice Ore ("Nurse Ore").

On Monday, March 25, 2013, inclement weather delayed Nurse Ore's arrival at Rushville. At approximately 8:00 a.m., Defendant Smith notified Plaintiff that Nurse Ore had arrived, and informed Plaintiff that he had ten (10) minutes to report for treatment. When Plaintiff arrived at the guard station, Defendant Smith refused to allow Plaintiff to leave the housing unit. Defendant Smith stated that Plaintiff had failed to report within ten (10) minutes of being called for treatment ("10-minute rule"). Therefore, Defendant Smith explained, Plaintiff would not be allowed to go to the health care unit. Plaintiff protested and informed Defendant Kerr, a supervisor on the day in question, that he was being denied his dialysis treatment. Defendant Kerr told Plaintiff that he would address Plaintiff's concerns when he returned from another unit. Defendant Kerr left the unit and never returned. Plaintiff did not receive dialysis treatment until Wednesday, March 27, 2013, five days after his previous treatment on Friday, March 22, 2013.

# ANALYSIS

Plaintiff alleges that Defendants Smith and Kerr were deliberately indifferent to his serious medical need. As a resident at Rushville, Plaintiff's claims arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). As a practical matter, however, there exists little

difference between the two standards. *Id.* (citations omitted). To prevail, a plaintiff must show that prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral*, 245 F.3d at 938. Liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007) (citing *Celotex Corp.*, 477 U.S. at 322-23).

**Plaintiff's Serious Medical Need**

"An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). Both definitions are met here. The underlying condition requiring the dialysis clearly constitutes a serious medical need. *See Adkins v. Walker*, No. 08 C 0815, 2010 WL 2232137, at *5 (N.D. Ill. June 1, 2010) (holding that treatment of condition requiring dialysis constitutes a serious medical need). In addition, the parties do not dispute that Plaintiff is scheduled to receive dialysis three times per week at Rushville, and Defendants' reliance on Nurse Ore's "10-minute rule" indicates that the Defendants were aware of Plaintiff's need for dialysis on an ongoing basis. Finally, dialysis is a common treatment for serious medical conditions. It is not a stretch to say that a lay person would recognize the need for a doctor's

attention at the mere mention of such treatment. Thus, Plaintiff has made a sufficient showing that he had a serious medical need.

## Deliberate Indifference

Defendants argue that Defendants Smith and Kerr were not deliberately indifferent because they, as nonmedical prison officials, were entitled to rely upon the judgment of the medical staff. Specifically, defendants argue that because Nurse Ore had a policy related to Plaintiff's medical treatment, that Defendants Smith and Kerr could enforce said policy as an extension of Nurse Ore's medical judgment.

Courts in this Circuit have been reluctant to impose constitutional liability upon nonmedical prison officials in cases where the official deferred to the judgment of the medical staff. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate's complaints are not ignored (citations omitted)); *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (no deliberate indifference where nonmedical prison official investigated inmate's complaints and referred then to medical providers who could be expected to address the concerns); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (no deliberate indifference where nonmedical prison official referred inmate complaints to medical providers). As the court in *Greeno* explained:

> If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno*, 414 F.3d at 656 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). In other words, "the law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry*, 604 F.3d at 440.

The present case differs in a key respect: in the cases cited above, the nonmedical prison officials took affirmative steps to investigate the complaints made by the inmates, including consultation with medical staff. *See id.* (nonmedical prison official "consulted with the medical staff, forwarded [the inmate's] concerns to DOC, and timely responded…."); *Hayes*, 546 F.3d at 520 (Assistant Warden consulted with medical staff on several occasions and referred concerns to medical providers); *Greeno*, 414 F.3d at 655-56 (official reviewed complaints and verified with medical officials that inmate was receiving treatment). There is no evidence before the Court that indicates that either defendant consulted with medical staff once confronted with Plaintiff's complaints regarding necessity of treatment. In fact, Defendant Smith states that it was a fellow security officer, not Nurse Ore, who informed him of the "10-minute rule." Smith Aff. ¶ 7 ("The STA informed me specifically that [Plaintiff] had ten minutes to get to health care…."). If, as Defendant Smith claims, he was not aware of the health implications of a missed dialysis treatment, and Defendant Smith subsequently failed to contact medical staff about Plaintiff's concerns, then a reasonable juror could conclude that Defendant Smith was deliberately indifferent.

Next, Defendants argue that summary judgment should be granted in favor of Defendant Kerr because he was a supervisor and liability under § 1983 cannot be predicated on a theory of respondeat superior. Government officials cannot be held liable "for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Id.* To be held liable, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citations omitted). Plaintiff alleged he spoke with Defendant Kerr after Defendant Smith denied access to the health care unit. (Def.'s UMF 23). Plaintiff told Defendant Kerr that it was serious and he was being denied medical treatment. *Id.* Defendant Kerr told Plaintiff that he was busy and would return to address his complaint, but Defendant Kerr never returned. *Id.* The defendants have not provided any evidence to refute Plaintiff's allegations. When viewed in a light most favorable to the Plaintiff, a reasonable juror could conclude that Defendant Kerr was aware of Defendant Smith's conduct, failed to address Plaintiff's concerns, and, therefore, Defendant Kerr facilitated the conduct.

**Qualified Immunity**

Finally, the Defendants argue that Defendants Smith and Kerr are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions are immune from suit if their conduct could reasonably have been thought consistent with the rights they are alleged to have violated." *Borello v. Allison*, 446 F.3d 742, 746 (7th Cir. 2006) (citations omitted). To determine if qualified immunity applies, the court conducts a two-prong analysis: (1) whether "the disputed conduct, as alleged, violates a constitutional right;" and, (2) "whether that right was 'clearly established' at the time of the alleged conduct." *Id.* (citing *Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005)). Disputed facts are viewed in the light most favorable to the plaintiff. *Id.*

The Eighth Amendment proscription against cruel and unusual punishment and the Due Process Clause of the Fourteenth Amendment prohibit the denial of medical treatment for

serious medical needs to those incarcerated within the prison system. *Farmer*, 511 U.S. at 832. This right was clearly established on March 25, 2013. As discussed above, Plaintiff had a serious medical need that required treatment. A genuine issue of material fact exists as to whether the Defendants were deliberately indifferent to those needs, and the Court cannot say that the complete denial of treatment to Plaintiff on the day in question was reasonable and consistent with the protections of the Fourteenth Amendment. Therefore, Defendants are not entitled to qualified immunity.

IT IS THEREFORE ORDERED that:

    1) The Defendants' motion for summary judgment is denied pursuant to Federal Rule of Civil Procedure 56. [17].

    2) A status hearing is scheduled for  March 26, 2015 at 1:45 p.m.  . The Plaintiff shall appear by video conference and the Defendants' attorney(s) shall appear in person before the court sitting in Urbana, Illinois. The clerk is to issue a writ for the Plaintiff's participation in the video conference.

Entered this 18th day of February, 2015.

         *s/Harold A. Baker*
         HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE